IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

IN RE:

Don D. Hursey, Jr. | Case No 12-16419 TJC
| Chapter 13
Debtor(s). |

**TRUSTEE'S RESPONSE TO DEBTOR'S
MOTION TO USE CASH COLLATERAL OR FOR SUBSTITUTION OF
COLLATERAL**

Nancy Spencer Grigsby, Chapter 13 Trustee in the above-captioned case, by and through undersigned counsel, responds to Debtor's Motion for Authority for Use of Cash Collateral or for Substitution of Collateral ("Motion") (paper#53) as follows:

Legal Authority:

1) Although not referenced in the Debtor's Motion, it appears that the Motion is one seeking authority to use, sell or lease property of the estate under 11 U.S.C. § 363(b) (pertaining to the Trustee's right to use, sell or lease property of the estate, including "cash collateral," as the term is defined in §363(a)).

2) Pursuant 11 USC § 1303, in Chapter 13 cases, debtors are vested with some of the powers of a trustee, including the powers contained within §363(b). See, *In re Dawson*, 411 B.R. 1, 22 (Bankr. D.D.C. 2008).

3) It further appears that the secured creditor, AmeriCredit Financial Services, Inc. (dba GM Financial) has agreed to the proposed substitution of collateral proposed by the Debtor's Motion, thereby satisfying the conditions contained within subsection (e) of 11 U.S.C. §363 (related to lender's adequate protection). See, Exhibit attached to Motion at Dkt 53, page 3 of 4.

4) Thus, the Debtor here appears to have circumvented disputes regarding the use or substitution of cash collateral documented in other chapter 13 cases. See, e.g., *In re Van Stelle*, 354 B.R. 157 (Bankr. W. D. MI. 2006),

## Summary of Relevant Facts

5) The Debtor's confirmed plan is paying AmeriCredit $18,050 for a 2004 Range Rover pursuant to a valuation order. See, Dkt 34 Order Valuing Land Rover and Dkt. 37 Debtor's Confirmed Chapter 13 Plan.

6) Debtor seeks to apply $10,816.50 in insurance proceeds obtained for the stolen Land Rover towards the purchase of a used 2012 Mazda3.

7) The Debtor seeks to substitute the 2012 Mazda, valued by the seller, Arlington Motors Inc., at $12,000, for the 2004 Landover Range Rover. See, Mazda Value, attached as an exhibit to Debtor's Motion at Dkt 53 page 4 of 4.

8) Accordingly, Debtor proposes that plan payments to AmeriCredit continue without interruption after the substitution of collateral is approved.

## Trustee's Financial Analysis of Proposed Transaction:

9) As of the date of the filing of Debtor's Motion, the Trustee has paid AmeriCredit a total of $9491.03 in principal payments (plus $1773.85 in interest payments). Thus, after deduction of Debtor's $3525 adequate protection payments, approximately $5,033.97 in principal balance payments remain due. See, Debtor's Affidavit of Adequate Protection Payments at Dkt 35.

10) By comparison, after application of insurance proceeds of $10,816.5, the remaining principal balance owed on the Mazda is approximately $1394.

11) Consequently, under this analysis, the Debtor's bankruptcy estate would arguably pay approximately $3640 more for the Mazda under a substitution of collateral scenario than the vehicle is worth.

12) However, despite this possible over-payment, the obvious advantage to the Estate and the Debtor's creditors, is that the Debtor will not have to redirect disposal income from the plan towards the purchase of a new vehicle.

13) By the Trustee's estimates, if the same insurance proceeds were applied to the remaining debt owed on the 2004 Range Rover, the Debtor would only receive surplus proceeds of approximately, $5,783, which he would have to apply towards the purchase of a new vehicle.

14) By comparison, the $3640 Mazda "over payment" amount, divided over the remaining 26 months of the 60-month plan, is $140 per month—far less than a new monthly car payment, even with a $5,783 down payment.

      Wherefore, for all of the above-stated reasons, the Trustee supports the Debtor's Motion and requests an order approving the substitution of collateral motion.

Dated: February 9, 2015

Respectfully submitted,
Nancy Spencer Grigsby
Chapter 13 Trustee
By Counsel

/s/ Mary Park McLean
Federal Bar No. 25580
4201 Mitchellville Road
Suite 401
Bowie, Maryland 20716
Tel. (301)809-6084
Fax 301-805-9577
E-mail: mmclean@ch13md.com
ngrigsby@ch13md.com

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that the Trustee's response to debtor's motion to vacate order dismissing case was served on this February 9, 2015 electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or by first class mail, postage prepaid to:

Don D. Hursey, Jr.
7117 Silverton Court
District Heights, MD 20747
*Debtor*

Harris S. Ammerman, Esq.
1115 Massachusetts Ave. NW
Washington, D.C. 20005
*Debtor's Counsel*

Americredit Financial Services, Inc.
Dba GM Financial,
Jennifer Smith, Bankruptcy Dept.
PO Box 183853
Arlington, Texas 76096
*Creditor*

GEICO
Glenn Baker, Examiner
ATTN: Region 1 Claims
PO Box 9505
Fredericksburg, VA 22403-9505
*Creditor*

                **/s/ Nancy Spencer Grigsby**
                Chapter 13 Trustee
                4201 Mitchellville Rd. Ste401
                Bowie, Maryland 20716

S:\Case Notes 2012\12-16419 Resp to Subst Collateral Motioin.doc 2/9/2015 12:47 PM